STANDARD BUILDING PRODUCTS COMPANY *v.*
WOODLAND BUILDING COMPANY.

1. Appeal and Error—Partial Summary Judgment.
   Appeals as of right do not lie from partial summary judgments
   unless they are final (GCR 1963, 117).

2. Same—Partial Summary Judgment—Leave to Appeal.
   A partial summary judgment for plaintiff for the undisputed
   portion of his claim and leaving the balance of his claim and
   defendant's counterclaim to be determined at the time of trial
   on the merits, not being complete or final, is not appealable
   as of right but only by granted leave to appeal (GCR 1963,
   117; 806.2).

Appeal from Oakland; Pratt (Philip), J. Submitted Division 2 June 8, 1965, at Detroit. (Docket No. 421.) Decided September 20, 1965. Rehearing denied November 3, 1965.

Complaint by Standard Building Products Company, a Michigan corporation, against Woodland Building Company, a Michigan corporation, for moneys due on a contract to construct basements. Counterclaim by defendant for breach of warranty and repair of defects in the basements. Partial summary judgment for plaintiff. Defendant appeals. Appeal dismissed.

*Nathan S. Peterman,* for plaintiff.

*Herman Kass,* for defendant.

References for Points in Headnotes
[1, 2] 4 Am Jur 2d, Appeal and Error § 104.

LESINSKI, C. J. This matter comes before the Court, on claim of appeal, from entry in the circuit court of Oakland county of a partial summary judgment in the amount of $3,521 and the denial of a motion for a new trial from the partial summary judgment. The plaintiff-appellee, Standard Building Products Company, herein called Standard, was engaged by oral contract to pour 132 basements for the defendant-appellant, Woodland Building Company, herein called Woodland. Alleged to be included in this agreement was a warranty for a specified period to make repairs on defects in the basements poured. The contract price, per basement poured, is partially in dispute.

During the alleged warranty period, which is in dispute, cracks appeared in some of the basement walls, and Woodland demanded Standard make repairs. Woodland refused to pay the remainder of the contract price, claiming breach of warranty and a right of holdback. Standard instituted an action for recovery of the contract price plus a service charge of 1% on the balance per month. Woodland counterclaimed for repairs made by it and for a $30 holdback per basement for possible future repairs.

In an order denying the motion for new trial from the partial summary judgment, the court amended the partial summary judgment to emphasize that this judgment was not *res judicata* of "any past, present or future claim by the defendant against the plaintiff arising out of defects in the construction of the basements involved in the litigation."

Standard's complaint alleged that $4,073 was due for work done. Woodland answered denying that $4,073 was due claiming there was an overcharge of

$201, thus leaving $3,872 owing to Standard by Woodland's own admission. From this amount was subtracted $351, the disputed amount Woodland claims to have paid for repairs Standard was obliged to make. Thus, the court in granting a partial summary judgment gave Standard only the amount that was undisputed in the record, and left for trial the question of what part of the $552, if any, was due Standard.

The judgment order reads in part:

"That there is no genuine issue as to any material fact as to the plaintiff being entitled to a partial summary judgment in the amount of $3,521, that being a portion of plaintiff's claim; that the balance of plaintiff's claim and defendant's counterclaim and defenses shall be determined at the time of trial on its merits."

The procedure for granting partial summary judgments is found in GCR 1963, 117. This rule has been interpreted by the Michigan Supreme Court as the counterpart of the Federal summary judgment practice. See *Durant* v. *Stahlin* (*Appeal in re King, Bashara, Merrell, and Waldron*) (1964), 374 Mich 82.

The Federal decisions on point make it clear that appeals as of right do not lie from partial summary judgments unless they are final. See *United States, for use and benefit of Charles R. Joyce & Son, Inc.,* v. *F. A. Baehner, Inc.* (CCA 2, 1962), 309 F2d 154; *Leonard* v. *Socony-Vacuum Oil Co.* (CCA 7, 1942), 130 F2d 535.

As the court said in *Leonard* v. *Socony-Vacuum Oil Co., supra,* at 536:

"Further it has long been the policy of the Federal courts not to grant appeals from interlocutory judgments, unless required to do so. 'A case may not be brought here by appeal or writ of error in fragments.

To be appealable, the judgment must be, not only final, but complete.' "*

In the case at bar, the Court construes the partial summary judgment to be an interlocutory judgment that is not complete and it is not appealable as of right. GCR 1963, 806.1. It is only by granted application for leave to appeal that a matter of this nature may be brought before the Court. See GCR 1963, 806.2.

Appeal dismissed. Costs to appellee.

BURNS and WATTS, JJ., concurred.

---

* Citing *Collins* v. *Miller* (1920), 262 US 364, 370 (40 S Ct 347, 64 L ed 616).—REPORTER.