CITY OF DEARBORN *v.* PULTE-STRANG, INC.

1. JUDGMENT—INTERLOCUTORY JUDGMENT—COURT RULE.

   A judgment in an action, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is interlocutory in nature in the absence of an express determination and direction by the trial court that the judgment shall be final (GCR 1963, 518.2).

2. SAME—INTERLOCUTORY SUMMARY JUDGMENT—CROSS-DEFENDANT.

   An order of the trial court granting summary judgment dismissing a cross-complaint as to the cross-defendant moving for summary judgment is interlocutory where the cross-defendant was not thereby dismissed from the action because it was also named a cross-defendant by certain third-party defendants (GCR 1963, 518.2).

3. APPEAL AND ERROR—APPEAL OF RIGHT—INTERLOCUTORY JUDGMENT.

   A party has an appeal of right only from a final judgment of a circuit court, and the Court of Appeals is without jurisdiction to hear an appeal from an interlocutory judgment, where the appeal is taken by claim of appeal as of right (GCR 1963, 806.1).

Appeal from Wayne, Swainson (John B.), J. Submitted Division 1 April 2, 1968, at Detroit. (Docket No. 3,270.) Decided June 27, 1968. Rehearing denied August 15, 1968.

Complaint by City of Dearborn, a municipal corporation, against Pulte-Strang, Inc., a Michigan corporation, Bailey-Zummo Waterproofing Com-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur, Judgments §§ 121, 122.
[3] 4 Am Jur 2d, Appeal and Error § 50.

pany, a Michigan corporation, and others for damages for failure to repair construction defects. Cross-complaint by Pulte-Strang, Inc., against Bailey-Zummo Waterproofing Company and third-party complaint by Pulte-Strang, Inc., against Nathan J. Rossen and Edward M. Ferber and Mercury Roofing & Sheet Metal Co., a Michigan partnership composed of Rossen and Ferber. Summary judgment for Bailey-Zummo Waterproofing Company on the cross-complaint. Cross-plaintiff appeals. Appeal dismissed.

*Ralph B. Guy, Jr.,* Corporation Counsel and *Gerald E. McNally* and *Joseph J. Burtell,* Assistant Corporation Counsel, for plaintiff.

*Cross, Wrock, Miller, Vieson & Kelley,* for de-defendant Pulte-Strang, Inc.

*Reid & Gilmore,* for defendant Bailey-Zummo Waterproofing Company.

*Travis, Warren Nayer & Burgoyne (Richard A. Cogan,* of counsel), for third-party defendants.

J. H. GILLIS, P. J. Cross defendant-appellee, Bailey-Zummo Waterproofing Company, moved for summary judgment in the trial court pursuant to GCR 1963, 117.2(1) against the original defendant-third party plaintiff, and cross plaintiff Pulte-Strang Inc. The trial court granted the motion and Pulte-Strang, Inc. filed a claim of appeal in this Court.

In accordance with the provisions of GCR 1963, 518.2[1] the issue here presented must come to this

---

1 "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the

Court by application for leave to appeal since the trial court's order was interlocutory[2] and did not fully adjudicate the rights of any of the litigants in this lawsuit. Pursuant to GCR 1963, 806.1[3] this Court is without jurisdiction to hear the matter by claim of appeal as of right.

Lacking jurisdiction, this Court must dismiss the appeal. *Fox* v. *Board of Regents of the University of Michigan* (1965), 375 Mich 238; *Standard Building Products Company* v. *Woodland Building Company* (1965), 1 Mich App 434, 437.

FITZGERALD and MCGREGOR, JJ., concurred.

claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[2] The order granting summary judgment provided, *inter alia,* "and it being shown to the court that no prejudice would result to any party if the motion were to be granted, inasmuch as the said Bailey-Zummo Waterproofing Company has been named a cross-defendant by the remaining third party defendants."

[3] "In all * * * civil matters, an aggrieved party shall have a right to appeal from all final judgments from the circuit courts."