PEOPLE *v.* HARRY JAMES SMITH

CRIMINAL LAW—EVIDENCE—SUPPRESSION—QUASHING OF INFORMA-
TION—APPEAL BY PEOPLE.
> Appeals by the people from a decision of the trial court sup-
> pressing evidence and quashing an information against de-
> fendant may be taken by leave granted only, and an appeal
> by claim of right must be dismissed for lack of jurisdiction
> (CL 1948, § 770.12).

Appeal from Oakland, William John Beer, J.
Submitted Division 2 March 3, 1969, at Detroit.
(Docket No. 5,580.) Decided March 26, 1969.

Harry James Smith was charged with unlawful
possession of narcotics. Defendant's motion to sup-
press evidence and quash the information granted.
The people appeal. Appeal dismissed for lack of
jurisdiction.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *S. Jerome Bronson,*
Prosecuting Attorney, and *Bruce T. Leitman,* As-
sistant Prosecuting Attorney, for the people.

*Milton R. Henry,* for defendant.

BEFORE: LESINSKI, C. J., and FITZGERALD and
V. J. BRENNAN, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 268.

PER CURIAM. The people appealed to this Court by claim of right from an order of the Oakland county circuit court granting defendant's motion to suppress evidence and quash an information.

Appeals by the people require leave and are restricted by the provisions of CL 1948, § 770.12 (Stat Ann 1954 Rev § 28.1109). See *City of Portage* v. *Timmerman* (1968), 11 Mich App 498.

This Court being without jurisdiction, the appeal is dismissed without prejudice to apply for leave. See *Fox* v. *Board of Regents of the University of Michigan* (1965), 375 Mich 238; *City of Dearborn* v. *Pulte-Strang, Inc.* (1968), 12 Mich App 161.