PEOPLE *v.* ABESS

APPEAL AND ERROR—CRIMINAL LAW—APPEAL BY PEOPLE—EVIDENCE—
SUPPRESSION.

    An appeal by the people from an order suppressing evidence
    and quashing the warrant in a criminal case may be taken
    by leave granted only (CL 1948, §§ 770.3, 770.12; GCR 1963,
    806.1, 806.2).

Appeal from Recorder's Court of Detroit, Robert
J. Colombo, J. Submitted Division 1 May 12, 1969,
at Detroit. (Docket No. 4,582.) Decided June 23,
1969.

John Abess was charged with unlawful possession
of pornographic films. Defendant's motion to sup-
press evidence and quash the warrant granted. The
people appeal. Appeal dismissed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief
Appellate Lawyer, and *Carl Ziemba,* Assistant
Prosecuting Attorney, for the people.

BEFORE: FITZGERALD, P. J., and LEVIN and T. M.
BURNS, JJ.

REFERENCES FOR POINTS IN HEADNOTE

4 Am Jur 2d, Appeal and Error § 268.
Right of prosecution to review of decision quashing or dismissing
    indictment or information, or sustaining demurrer thereto. `92
    ALR 1137.

Per Curiam. The people appealed to this Court by claim of right from an order of the Detroit recorder's court granting defendant's motion to suppress evidence and quash the warrant.

An appeal by the people from such an order requires leave and is restricted by the provisions of CL 1948, §§ 770.3, 770.12 (Stat Ann 1954 Rev §§ 28.1100, 28.1109); GCR 1963, 806.1, 806.2. See *City of Portage* v. *Timmerman* (1968), 11 Mich App 498; *People* v. *Harry James Smith* (1969), 16 Mich App 606.

This Court being without jurisdiction, the appeal is dismissed without prejudice to apply for leave. *City of Dearborn* v. *Pulte-Strang, Inc.* (1968), 12 Mich App 161.

If the people decide to apply for leave, their attention is directed to the possible application of *Lee* v. *Florida* (1968), 392 US 378 (88 S Ct 2096, 20 L Ed 2d 1166) and *Fuller* v. *Alaska* (1968), 393 US 80 (89 S Ct 61, 21 L Ed 2d 212) to the facts of this case.

Dismissed.