PEOPLE *v.* MARKUNAS

1. APPEAL AND ERROR—JURISDICTION—STATUTES—COURT RULES.
   An appeal from a final judgment of a municipal court is to circuit court, and further review may be had by the Court of Appeals only upon leave to appeal granted (MCLA § 600-.308; GCR 1963, 806).

2. APPEAL AND ERROR—JURISDICTION—STATUTES—COURT RULES.
   The Court of Appeals is without jurisdiction to entertain a defendant's appeal from a circuit court judgment affirming his conviction in municipal court where defendant did not apply for leave to appeal (MCLA § 600.308; GCR 1963, 806).

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 March 17, 1970, at Lansing. (Docket No. 7,565.) Decided May 1, 1970.

James Markunas was convicted of violating an executive order of the Governor which prohibited meetings or assemblies of more than three persons without permission of the Director of State Police. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Lafferty, Reosti, Jabara, Papakhian, James, Stickgold & Smith,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 4, 6, 11, 16.
[2] 4 Am Jur 2d, Appeal and Error § 309 *et seq.*

Before: QUINN, P. J., and FITZGERALD and J. H. GILLIS, JJ.

PER CURIAM.  Father James Markunas was arrested while taking part in a peaceful demonstration on April 7, 1968, following the death of the Rev. Martin Luther King, Jr.  He was charged with violation of an executive order of Governor George Romney, dated April 5, 1968, which prohibited meetings or assemblies of more than three persons unless permission was secured from the Director of State Police.  He was convicted in Royal Oak Municipal Court and sentenced on May 27, 1968 to pay a $100 fine or serve 20 days in jail.

Father Markunas appealed to Oakland County Circuit Court where, following trial *de novo* without a jury, he was again convicted.  He was sentenced on April 15, 1969 to pay a fine of $100 and costs of $25 or serve 30 days in jail.  On June 10, 1969, defendant filed a claim of appeal in this Court.

The judgment appealed from was not appealable as of right; an appeal from a municipal court conviction and sentence may be taken only by appeal to circuit court, and further review may be had only upon application for leave to appeal granted by the Court of Appeals.  MCLA § 600.308 (Stat Ann 1970 Cum Supp § 27A.308); GCR 1963, 806, as amended February 13, 1969, 381 Mich lxxvii–lxxviii.

No application for leave to appeal was filed in this case, and this Court is without jurisdiction to entertain this appeal.  See *Dearborn* v. *Pulte-Strang, Inc.* (1968), 12 Mich App 161; *Earp* v. *City of Detroit* (1968), 11 Mich App 659; *Hope* v. *Weiss* (1968), 12 Mich App 404.

"When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void."  *Fox* v.

*Board of Regents of the University of Michigan*
(1965), 375 Mich 238, 242; *People* v. *Harry James*
*Smith* (1969), 16 Mich App 606; *Chevrolet Local*
*Union No.* 659 v. *Reliance Insurance Company*
(1970), 21 Mich App 123; *Standard Building Prod-*
*ucts Company* v. *Woodland Building Company,* 1
Mich App 434; *Solner Investment Company* v.
*Thoms* (1966), 2 Mich App 189; *Sears Roebuck &*
*Company* v. *Holmes* (1966), 2 Mich App 190.

This Court being without jurisdiction, the appeal
is dismissed without prejudice to apply for leave.