CONLON *v.* STATE TREASURER

1. APPEAL AND ERROR—INTERLOCUTORY ORDER—SETTING ASIDE JUDG-
MENT—LEAVE TO APPEAL.
An order setting aside a judgment is interlocutory and may be
reviewed by the Court of Appeals only after it grants leave
to appeal (MCLA § 600.308; GCR 1963, 801, 806).

2. APPEAL AND ERROR—INTERLOCUTORY ORDER—SETTING ASIDE JUDG-
MENT—LEAVE TO APPEAL.
The Court of Appeals is without jurisdiction to entertain plain-
tiffs' appeal by claim of appeal from a circuit court order
setting aside a judgment permitting alteration of a recorded
plat because the order is not final where plaintiffs had failed
(MCLA § 600.308; GCR 1963, 801, 806).

Appeal from Livingston, Paul R. Mahinske, J.
Submitted Division 2 March 17, 1970, at Lansing.
(Docket No. 8,267.) Decided May 1, 1970.

Petition by W. Allen Conlon, Judith W. Conlon,
George M. Frazer, M. Jane Frazer, Burt J. Abell,
and Edna L. Abell, against the State Treasurer for
alteration of a recorded plat by closing a lakeside
drive abutting plaintiffs' property. Judgment for
plaintiffs. Joyce K. Gabris and others, nonabutting
property owners, sought to intervene to have judg-
ment set aside. Order granting intervention and
setting aside judgment. Plaintiffs filed claim of
appeal. Appeal dismissed for lack of jurisdiction.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 47.
[2] 4 Am Jur 2d, Appeal and Error § 309.

*E. Reed Fletcher,* for plaintiffs.

*Richard R. Robinson,* for intervening plaintiffs.

Before: BRONSON, P. J., and QUINN and DANHOF, JJ.

PER CURIAM.   Plaintiffs, abutting property owners, petitioned Livingston County Circuit Court to alter the plat of "Kirk's Landing Long Lake" by closing the stub-end of Lakeside Drive on October 29, 1968.   After investigation by the Conservation Department and filing of a consent by the Attorney General the petition was granted by judgment dated January 28, 1969.   Over nine months later nonabutting lot owners petitioned to intervene and to have the judgment set aside.   An order was entered October 1, 1969, granting the petitioners the right to intervene and setting aside the judgment.   From this order plaintiffs attempted to appeal by filing a claim of appeal on October 3, 1969.

An order setting aside a judgment is interlocutory and may be reviewed only after grant of leave to appeal by this Court.   An order setting aside a judgment has the same effect as an order granting a new trial and the latter is reviewable only by way of leave to appeal.   MCLA § 600.308 (Stat Ann 1970 Cum Supp § 27A.308), GCR 1963, 801, 806.   *Benmark* v. *Steffen* (1968), 9 Mich App 416; *Solner Investment Company* v. *Thoms* (1966), 2 Mich App 189; *Sears, Roebuck & Co.* v. *Holmes* (1966), 2 Mich App 190; see also, 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 193.

No application for leave to appeal was filed in this case, and this Court is without jurisdiction to entertain this appeal.

"When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." *Fox* v. *Board of Regents of the University of Michigan* (1965), 375 Mich 238, 242; *Standard Building Products Company* v. *Woodland Building Company* (1965), 1 Mich App 434; *City of Dearborn* v. *Pulte-Strang, Inc.* (1968), 12 Mich App 161; *Earp* v. *City of Detroit* (1968), 11 Mich App 659; *Hope* v. *Weiss* (1968), 12 Mich App 404; *Chevrolet Local 659, UAW-CIO* v. *Reliance Insurance Companies* (1970), 21 Mich App 123.

The appeal is therefore dismissed. No costs, appellees not having initiated a motion to dismiss pursuant to GCR 1963, 817.5.