CAHILL v FIFTEENTH DISTRICT JUDGE

Docket No. 55,187. Submitted October 8, 1974 (Calendar No. 18.)—
Decided December 19, 1974.

David Cahill was ticketed for making an illegal left turn. A deputy clerk at the Fifteenth District Court Traffic Violations Bureau denied Cahill's demand to post a $10 cash bond pursuant to MCLA 780.66(1); MSA 28.872(56)(1), and also informed Cahill that the permission of the district judge would be necessary to secure a jury trial. Cahill appeared before the district judge and renewed his request for a jury trial and the right to post a $10 bond. The judge released Cahill on his own recognizance and scheduled a nonjury trial. Cahill filed a class-action complaint for an order of superintending control in the Washtenaw Circuit Court to compel the Fifteenth District judge to accept 10% bail deposits and grant jury trials in traffic offense cases. Debra Thal, David Fenton, Joseph Harrison, and Nels Johnson intervened as parties plaintiff. The circuit court, Ross W. Campbell, J., denied the writ. Plaintiffs appealed. The Court of Appeals, Bronson, P. J., and Danhof and Quinn, JJ., dismissed the appeal on its own motion for lack of jurisdiction (Docket No. 17375). Plaintiffs appealed to the Supreme Court. *Held:*

1. Cahill's action in the Washtenaw Circuit Court constituted a proper complaint for an order of superintending control, and not an interlocutory appeal of the decision of the district judge.

2. The dismissal of a valid complaint in circuit court for an order of superintending control is appealable as a matter of right to the Court of Appeals.

1. MANDAMUS—SUPERINTENDING CONTROL—APPEAL—ADEQUATE REMEDY.

The procedure of appeal in his own case was not adequate where plaintiff was challenging by class action the general practices of a district court regarding the posting of bond and the availabil-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts § 117.
Superintending control over inferior tribunals. 112 ALR 1351.

ity of jury trials in traffic cases; only superintending control allowed the circuit court to address and resolve the objections concerning the generalized practices of the district court.

2. MANDAMUS—SUPERINTENDING CONTROL—ACTION—APPEAL AND ERROR—COURT OF APPEALS.

A true action for an order of superintending control filed in the circuit court is an original action; any appeal from such an action is clearly appealable as a matter of right to the Court of Appeals (MCLA 600.309; GCR 1963, 806.1).

*Hayes & Goldstein, P. C.,* for plaintiffs.

*Edwin L. Pear,* City Attorney, and *John K. Van Loon,* Assistant City Attorney, for defendant.

Amicus Curiae: *Harrison & Friedman, P. C.*

SWAINSON, J. Appellant David Cahill was ticketed by two Ann Arbor police officers for making an illegal left turn. Intent on contesting the ticket, Cahill appeared at the 15th District Court Traffic Violation Bureau to post bond and request a jury trial. The deputy clerk advised Cahill that the appearance bond would be $35 and denied Cahill's demand to post a $10 cash bond pursuant to MCLA 780.66(1); MSA 28.872(56)(1).[1] The clerk also informed Cahill that the permission of the district judge would be necessary to secure a jury trial and referred Cahill directly to Judge Thomassen. Later that day Cahill appeared before Judge Thomassen and renewed his request for a jury trial and the right to post a $10 bond. The district judge released Cahill on his own recognizance in the penal amount of $100 and scheduled a nonjury trial.

Two days later, Cahill filed a Complaint for

_____

[1] "The person for whom bail has been set shall execute the bail bond and deposit with the clerk of the court before which the proceeding is pending a sum of money equal to 10% of the bail but at least $10.00."

Superintending Control in the Washtenaw County Circuit Court. The two-count complaint recited the facts of Cahill's individual case, and then went on to charge that the district court followed general policies of refusing a 10% bond and jury trials in traffic cases. Alleging that he properly represented a class of similarly situated persons,[2] appellant prayed for the following relief:

"[Count I]
"WHEREFORE, Plaintiff prays on behalf of himself and the members of his class that:
"A. This honorable Court issue an Order of Superintending Control commanding Defendant judge to issue orders to the District Court Clerk that she shall:
"1. Inform each defendant accused of a traffic offense or misdemeanor that said defendant is entitled as of right to post a deposit pursuant to MCLA 780.66(1), without being requested to do so by such defendant, and to furnish to each defendant the appropriate form, and
"2. Accept the deposit set by MCLA 780.66(1) without requiring that such defendant gain permission from a District Judge to post such deposit; * * *
"[Count II]
"WHEREFORE, Plaintiff prays on behalf of himself and the members of his class that:
"A. This honorable Court issue an Order of Superintending Control commanding Defendant judge to issue orders to the District Court Clerk that she shall grant each defendant in a traffic offense case a jury trial on the demand of such defendant and enter such case on the jury trial docket; * * * ."

---

[2] Appellant's complaint described the class as consisting of "all persons who have not been informed by the Court Clerk of their right to post a deposit for misdemeanor or traffic offenses pursuant to MCLA 780.66(1)" and "all persons who have been denied by the Court Clerk or by Defendant judge a right to jury trial on demand for traffic offenses".

No issues questioning the class action status of plaintiff Cahill's complaint have been raised herein and we find it unnecessary to consider any. *See Pressley v Wayne County Sheriff,* 30 Mich App 300, 317–322; 186 NW2d 412 (1971).

Pursuant to the order of the circuit court, four other persons, the remaining appellants herein, were allowed to intervene as plaintiffs in Cahill's Complaint for Superintending Control. Each intervenor stated that he or she was a member of the class described in Cahill's complaint and had been denied the right to post a $10 bond and/or secure a jury trial by defendant district judge.

On May 17, 1973, the circuit court issued its "Opinion and Order denying Writ of Superintending Control". From this order the plaintiffs appealed to the Court of Appeals. On June 5, 1973, they submitted papers claiming an appeal of right. The papers were initially returned to plaintiffs' attorney by the clerk of the Court of Appeals who indicated that the circuit court order was not reviewable as a matter of right. On June 6, plaintiffs' attorney resubmitted the papers to the Court of Appeals with a request that the case be docketed and plaintiffs allowed an opportunity to argue the jurisdictional issue before a panel of the Court of Appeals. The clerk's office accepted the pleadings, but on August 3, 1973, a panel of the Court dismissed the appeal after apparently concluding that Cahill's class action Complaint for Superintending Control in the circuit court was, in reality, merely an interlocutory appeal from the adverse decision of the district court in Cahill's individual case. The Court of Appeals accordingly held that a claim of appeal was not in order:

"In this cause, a claim of appeal is filed by plaintiff and it appearing to this Court from the record before it that the circuit court order appealed from was entered on review of a decision of the district court, and due consideration thereof having been had by the Court,

"IT IS ORDERED on the Court's own motion that this appeal be, and it is hereby DISMISSED for lack of jurisdiction without prejudice to the filing of an applica-

tion for leave to appeal in accordance with GCR 1963, 806.2 and 806.3. 1968 PA 116."

Appellants then filed an application for leave to appeal in this Court which we granted. 391 Mich 768 (1974). This matter presents two issues for our determination:

1. Did plaintiff Cahill's actions in the Washtenaw County Circuit Court constitute a proper complaint for an order of superintending control?

2. Is the dismissal of a valid complaint for an order of superintending control filed in the circuit court appealable as a matter of right to the Court of Appeals? `

I

This first issue presents a question that requires us to examine the nature of plaintiff Cahill's complaint in light of the normal remedy of appeal to the circuit court generally available in traffic violation cases. Under our Court Rules:

"The order of superintending control does not supersede the use of normal appellate procedures as the method of superintending control when appeal would be available and adequate for that purpose." 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 57.

See also, GCR 1963, 711.2.

If, as appellee contends, Cahill's complaint was in fact an application for interlocutory appeal to the circuit court from the adverse decisions of the district court, then the Court of Appeals correctly dismissed appellants' claim of appeal. GCR 1963, 806.1 and 806.2. Conversely, if the circuit court action was a properly filed complaint for superintending control, the Court of Appeals erred when

it refused to review the circuit court's dismissal of this "original civil action". See, Part II, *infra.*

Assuming the availability of the procedure of appeal to the circuit court, our controlling question in this case becomes whether an appeal could have provided an adequate remedy to achieve the relief requested in plaintiff Cahill's complaint. After reviewing the papers filed in the circuit court, we do not believe that the procedure of appeal was adequate under the present facts.

A similar legal problem was confronted by the Court of Appeals in *Pressley v Wayne County Sheriff,* 30 Mich App 300; 186 NW2d 412 (1971). Therein plaintiff Kenneth Pressley filed a class action challenging the claim of the judges of the Traffic and Ordinance Division of Recorder's Court that they could deny offenders the benefit of the 10% bail deposit act. The circuit court granted relief to Pressley individually, but refused to grant the requested relief to the class as a whole. The Court of Appeals viewed that class action as an expedient and sensible method for correcting a policy that affected the statutory rights of the numerous persons who were similarly situated with appellant Pressley and adequately represented by him before the court. The circuit court was not allowed to restrict its relief to one individual litigant.

We believe that the same considerations apply to the present case. As indicated by the earlier quoted "prayer for relief", Cahill was challenging the general practices of the 15th District Court regarding the posting of bond and the availability of jury trials. Cahill's claim that there was a class of persons similarly situated with himself was initially borne out by the fact that four other persons were permitted to intervene in the case as

parties-plaintiff. While appeal did provide a suitable procedure to resolve Cahill's individual case, it could not have supported relief for the class as a whole. Under the present facts only superintending control allowed the circuit court to address and resolve the objections concerning the generalized practices of the district court and, if appellants had prevailed, to issue an appropriate remedial order.

## II

Little need be said here concerning this second issue beyond citing the case of *People v Flint Municipal Judge,* 383 Mich 429; 175 NW2d 750 (1970). In that case this Court had occasion to comment on the procedural posture that the circuit court should assume when reviewing the actions of a municipal judge under an order of superintending control:

"The superintending court does not substitute its judgment or discretion for that of the magistrate; neither does it act directly in the premises. Rather it examines the record made before the magistrate to determine whether there was such an abuse of discretion as would amount to a failure to perform a clear legal duty; and in such case, the superintending court orders the magistrate to perform his duty.

"The process is not, properly speaking, an appeal. It is rather a whole new lawsuit, with different parties and different purposes. *People v Yeotis [People v Flint Municipal Judge]* is not a criminal case, but is rather *an original civil complaint* designed to require the defendant municipal judge to perform a clear legal duty." (Emphasis added.) 383 Mich 429, 432.

See also, *People v Cason,* 387 Mich 586, 595; 198 NW2d 292 (1972).

Following *People v Flint Municipal Judge,* we

hold that a true complaint for an order of superintending control filed in the circuit court is an original civil action. Any appeal from such an action is clearly appealable as a matter of right to the Court of Appeals. See GCR 1963, 806.1; MCLA 600.309; MSA 27A.309.

We do not reach the merits of the issues raised in appellants' complaint for superintending control. Those issues when properly briefed may be presented to the Court of Appeals as a matter of right.

The order of the Court of Appeals dismissing appellants' claim of appeal is vacated and this case remanded for a hearing on the merits.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with SWAINSON, J.