## MOORE v NINTH DISTRICT JUDGE

1. APPEAL AND ERROR—COURT OF APPEALS—APPEAL AS OF RIGHT—
   SUPERINTENDING CONTROL—CIRCUIT COURT—STATUTES—COURT
   RULES.

   There is an appeal as of right to the Court of Appeals from an
   action in circuit court for a writ of superintending control
   (MCLA 600.309; MSA 27A.309, GCR 1963, 806.1).

2. APPEAL AND ERROR—APPEAL BY LEAVE GRANTED—DISTRICT COURT
   —INTERLOCUTORY APPEAL—CIRCUIT COURT—STATUTES—COURT
   RULES.

   An action in circuit court, which should have been denominated
   an interlocutory appeal from a district court decision, may be
   appealed to the Court of Appeals only by leave granted (MCLA
   600.308[2]; MSA 27A.308[2], GCR 1963, 806.2[4]).

3. APPEAL AND ERROR—SUPERINTENDING CONTROL—APPEAL AS OF
   RIGHT—ADEQUATE REMEDY—INTERLOCUTORY APPEAL.

   Plaintiffs' action in circuit court for an order of superintending
   control to prohibit their prosecution in district court on a
   charge of possession of marijuana is not a true complaint for an
   order of superintending control and is not an original civil
   action that is appealable as of right where the plaintiffs have
   an adequate remedy for challenging the district court ruling,
   *viz.*, an interlocutory appeal to the circuit court.

4. APPEAL AND ERROR—APPEAL AS OF RIGHT—APPEAL BY LEAVE
   GRANTED—JURISPRUDENTIAL SIGNIFICANCE—COURT RULES.

   An appeal will normally be dismissed for lack of jurisdiction
   where the appellants file a claim of appeal when they have no
   appeal as of right; however, the Court of Appeals may treat the
   case as one in which leave has been granted where the underly-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 20 Am Jur 2d, Courts §§ 111–117.
  Superintending control over inferior tribunals. 112 ALR 1351.
[2] 4 Am Jur 2d, Appeal and Error § 309.
[4] 4 Am Jur 2d, Appeal and Error § 172.
[5, 6] 21 Am Jur 2d, Criminal Law §§ 507, 509, 511.
  Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

ing question is of major jurisprudential significance (GCR 1963, 820.1[7]).

5. CRIMINAL LAW—PLEA OF GUILTY—PLEA OF NOLO CONTENDERE—WITHDRAWAL OF PLEA.

There is no distinction between a plea of guilty and a plea of nolo contendere for purposes of a motion to withdraw a plea.

6. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—LESSER OFFENSE—WITHDRAWAL OF PLEA—CLAIM OF INNOCENCE—REINSTATEMENT OF HIGHER OFFENSE.

A defendant who has pled nolo contendere to a lesser offense may be tried on the original charge where the trial court has exercised its discretion to allow the defendant to withdraw his plea because of a claim of innocence.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted December 3, 1975, at Grand Rapids. (Docket Nos. 23815, 23816.) Decided May 18, 1976. Leave to appeal denied, 397 Mich 16.

Complaint for an order of superintending control by Willie James Moore and Willie Earl Moore against Clark M. Olmstead, Judge of the Ninth District Court, to prohibit the prosecution of plaintiffs in district court on a charge of possession of marijuana. Judgment for defendant. Plaintiffs appeal. Affirmed and remanded.

*Brignall, DeVries & Lamb, P. C.,* for plaintiffs.

*Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for defendant.

Before: DANHOF, P. J., and QUINN and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. The plaintiffs, brothers, were initially charged with possession of marijuana. MCLA 335.341(4)(d); MSA 18.1070(41)(4)(d). Following two conferences in the district court's chambers the plaintiffs pled nolo contendere to an

added count of illegal use of marijuana. MCLA 335.341(5)(d); MSA 18.1070(41)(5)(d). Each plaintiff received a sentence of one to two years probation and the possession charge was dismissed.

Subsequently, the district court granted the plaintiffs' motion to withdraw their plea based on plaintiffs' claim of innocence, which they made during the plea taking and to their probation officer.[1] However, the district court also granted the prosecutor's motion to allow the prosecutor to proceed on the original possession charge. The plaintiffs sought a writ of superintending control from the circuit court to prohibit their prosecution on a charge higher than use of marijuana. The circuit court, in a written opinion and order, denied relief. Plaintiffs have filed a claim of appeal with this Court.

The initial question that arises is whether plaintiffs' proper remedy was "writ of superintending control" or "interlocutory appeal" from the district to the circuit court. See *Cahill v Fifteenth District Judge,* 393 Mich 137; 224 NW2d 24 (1974). If the proper remedy was a writ of superintending control, the plaintiffs have an appeal as of right to the Court of Appeals. GCR 1963, 806.1, MCLA 600.309; MSA 27A.309, *Cahill v Fifteenth District Judge, supra* at 144. On the other hand, if the action in the circuit court should have been denominated an interlocutory appeal from the district court, the plaintiffs may only appeal to this Court by leave granted. GCR 1963, 806.2(4), MCLA 600.308(2); MSA 27A.308(2), *People v Markunas,* 23 Mich App 616, 617; 179 NW2d 257 (1970).

A writ of superintending control would be the

---

[1] At oral argument before this Court the parties agreed that this was the basis for the plaintiffs' motion to withdraw their plea of nolo contendere. *See In re Reh's Estate,* 196 Mich 210, 216; 162 NW 978 (1917).

proper remedy only if plaintiffs did not have an adequate remedy by appeal. In *Cahill v Fifteenth District Judge* the Supreme Court found that the plaintiffs therein did not have an adequate remedy to challenge the general policies of the district court except with a writ of superintending control from the circuit court. In this case, however, plaintiffs did have an adequate remedy to challenge the specific ruling of the district court by way of an "interlocutory appeal" to the circuit court. See GCR 1963, 705.2, MCLA 600.8342; MSA 27A.8342. Hence the action filed in the circuit court in this case was not a true complaint for an order of superintending control and not an original civil action appealable as a matter of right to this Court. *Cahill v Fifteenth District Judge, supra* at 144.

Since the plaintiffs filed a claim of appeal when they had no appeal as of right we normally would dismiss the plaintiffs' appeal for lack of jurisdiction. See *Estate of Freedland,* 28 Mich App 580, 582; 184 NW2d 526 (1970), *Hope v Weiss,* 12 Mich App 404, 405; 162 NW2d 921 (1968). However since the underlying question to be resolved in this case is of major jurisprudential significance we will treat this case as one in which leave has been granted and reach the merits of the underlying issue. GCR 1963, 820.1(7), *Radke v Employment Security Commission,* 37 Mich App 104, 108; 194 NW2d 395 (1971), *accord, Eberts Cadillac Co v Miller,* 372 Mich 172, 178; 125 NW2d 306 (1963), see also *Parshay v Warden of Marquette Prison,* 30 Mich App 556, 558, 560; 186 NW2d 859 (1971).

In their appeal plaintiffs ask this Court to apply the rule of *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), *cert den,* 414 US 1080; 94 S Ct 599; 38 L Ed 2d 486 (1973), to prevent the trial

court from allowing the prosecutor to try them on the original charge after the trial court exercised its discretion and allowed them to withdraw their pleas of nolo contendere to a lesser offense.[2] In a recent memorandum opinion the Supreme Court rejected this argument. *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975). There the Supreme Court vacated the defendant's plea to a lesser charge and remanded the case for trial on the original charge.

While it is not necessarily apparent on the opinion's face, our review of the cases cited in *People v Lewandowski* and the two opinions of this Court in that case, *People v Lewandowski,* 58 Mich App 18; 226 NW2d 843 (1975), and *(On Rehearing),* 60 Mich App 455; 231 NW2d 392 (1975), clearly reveal that in *People v Lewandowski* the defendant was professing his innocence after pleading nolo contendere. See, *e.g., People v Zaleski,* 375 Mich 71, 81; 133 NW2d 175 (1965), *People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191 (1960). Consequently, we hold that where the trial court exercises its discretion and allows a defendant to withdraw his plea because of a claim of innocence, the rule of *People v McMiller* does not apply.

The circuit court is affirmed and this cause is remanded to the district court for findings consistent with this opinion.

---

[2] For purposes of a motion to withdraw a plea there is no distinction between a plea of guilty and a plea of nolo contendere. GCR 1963, 785.7(4), *cf., Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).