OAKLAND COUNTY PROSECUTOR v FORTY-SIXTH DISTRICT
JUDGE

1. Appeal and Error—Superintending Control—Courts—District
   Courts—Circuit Courts—Appeal of Right—Criminal Law—
   Dismissal of Charges—Entrapment—Constitutional Law.

   Appeal of right to the circuit court is a plain, speedy and
   adequate remedy for a prosecutor to follow where a district
   court at a defendant's preliminary examination dismissed
   charges against the defendant on the basis of entrapment;
   application to the circuit court for a writ of superintending
   control is an improper procedure for the prosecutor to follow
   because such action is not the type of action that falls within
   the "supervisory and general control" language of the Michi-
   gan Constitution (Const 1963, art 6, § 13).

2. Appeal and Error—Application for Leave to Appeal—Claim of
   Appeal—Superintending Control.

   Application for leave to appeal to the Court of Appeals should be
   employed instead of a claim of appeal where superintending
   control in circuit court has been granted but was an inappro-
   priate procedure.

3. Criminal Law—Entrapment—Officer's Involvement—Offering
   of Opportunity—Instigation of Commission of Offense.

   A trial court's finding that there was no entrapment of a defend-
   ant in a criminal case should be affirmed where the record does
   not support a finding that a police officer's involvement went
   beyond the mere offering of an opportunity nor that his con-
   duct was of a kind that could induce or instigate the commis-
   sion of a crime by one not ready and willing to commit it.

Appeal from Oakland, James S. Thorburn, J.
Submitted October 28, 1976, at Lansing. (Docket
No. 25774.) Decided December 2, 1976.

References for Points in Headnotes
[1, 2] 20 Am Jur 2d, Courts § 111 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 143 *et seq.*

Complaint by the Oakland County Prosecutor against the 46th District Judge seeking a writ of superintending control requiring that Linda Keefe Zuppke, a criminal defendant, be bound over for trial. Writ granted by the circuit court. Criminal defendant Zuppke's claim of appeal treated as application for leave to appeal and leave to appeal granted. Affirmed.

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Appellate Counsel, for plaintiff.

*N. C. Deday LaRene,* for defendant Zuppke.

Before: QUINN, P. J., and R. B. BURNS and M. F. CAVANAGH, JJ.

QUINN, P. J. Linda Zuppke (hereinafter defendant) was charged with delivery of a controlled substance, MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). At the conclusion of the preliminary examination, the district judge granted defendant's motion to dismiss on the basis of entrapment. The people petitioned the circuit court for a writ of superintending control requiring that defendant be bound over for trial. The circuit court granted the writ and defendant appeals of right.

Before reaching the merits, a procedural question must be resolved. Was superintending control the appropriate method for reviewing the action of the district judge? If it was, defendant is properly in this Court by claim of appeal. If it was not, application for leave to appeal was required, MCLA 600.8342; MSA 27A.8342.

The statute just cited provides for appeal from district court to circuit court. When that statute is

considered with GCR 1963, 705, it is our opinion that the people had an appeal as of right from the district court's dismissal of this prosecution, and we so hold. We decline to follow *People v Polk,* 59 Mich App 191; 229 NW2d 374 (1975), because neither the statute nor the rule above cited was considered in that case.

Two questions still remain. Is the appeal of right a plain, speedy and adequate remedy within the meaning of GCR 1963, 711.2? Our answer is yes. Is the action of the district court in dismissing a prosecution at the conclusion of the preliminary examination the type of action that falls within the "supervisory and general control" language of Const 1963, art 6, § 13? Our answer is no.

The appeal of right is a plain and adequate remedy in this instance, *Cahill v Fifteenth District Judge,* 393 Mich 137; 224 NW2d 24 (1974), notwithstanding. In *Cahill,* the Supreme Court stated that appeal by leave was available to resolve Cahill's individual case, but it did not provide relief to the class as a whole with reference to the district court's general policy regarding the setting of bonds and jury trials. Consequently, the civil remedy of superintending control was held correct in a class action. Only a class action complaint seeking general relief against general practices and policies of the district court changes the nature from an interlocutory appeal of a specific order to an original civil proceeding. *Cahill* is limited to its specific facts as a "true" superintending control action. In the instant case there was no "true" superintending control. The plaintiff's remedy was by appeal to the circuit court and in turn application for leave to the Court of Appeals.

Is the appeal of right a speedy remedy? We say yes. GCR 1963, 785.2 gives criminal cases precedence over civil actions. Const 1963, art 1, § 20, guarantees an accused a speedy trial and GCR

1963, 789 provides the assurance that the constitutional right of a speedy trial will be maintained. These mandates lead us to the conclusion that circuit courts should expedite appeals from district court in criminal cases and would do so if moved to do so by either the prosecution or defense.

On the procedure question, we conclude that the people had a plain, speedy and adequate remedy by an appeal as of right. We also conclude that the action of the district court on which review was sought was not the type of action that falls within the "supervisory and general control" language of Const 1963, art 6, § 13. It was not a general practice of a lower court, see *Morcom v Recorder's Court Judges,* 15 Mich App 358; 166 NW2d 540 (1968); nor a general policy of the district court, see *Moore v Ninth District Judge,* 69 Mich App 16; 244 NW2d 346 (1976), and *Cahill, supra.* Rather it was an individual act in a single case based on the judgment of the judge. Review of such actions is by appeal.

Since superintending control in circuit court was inappropriate, the application for leave to appeal to this Court should have been employed instead of claim of appeal, MCLA 600.8342, *supra.* However, in order to dispose of the case on the merits, we treat the claim of appeal as an application for leave to appeal and grant it.

On the merits, we affirm the trial court. The transcript reveals that the officer made 25 or 26 telephone calls to defendant. The content of the telephone calls is not revealed. The record does not support a finding that the officer's involvement went beyond mere offering of an opportunity nor that his conduct was of a kind that could induce or instigate the commission of a crime by one not ready and willing to commit it, *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973).

Affirmed.