*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEMARIA BUILDING COMPANY, INC.,

   Plaintiff-Appellee,

and

DE-CAL, INC.,

   Plaintiff,

v

MASTER MECHANICAL INSULATION, INC.,

   Defendant-Appellant,

and

TURNER-BROOKS, INC.,

   Defendant.

UNPUBLISHED
December 22, 2022

No. 359798
Oakland Circuit Court
LC No. 2020-179257-CB

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

  Defendant, Master Mechanical Insulation, Inc. (defendant sub-subcontractor), appeals as of right the trial court's final order entering judgment in favor of plaintiff, DeMaria Building Company, Inc. (plaintiff general contractor).[1] On appeal, defendant sub-subcontractor challenges the earlier order denying its motion for reconsideration of the order granting summary disposition

---

[1] This case is being submitted with the consolidated appeals in Docket Nos. 357989 and 357991.

in favor of plaintiff general contractor on plaintiff general contractor's breach-of-contract claims for indemnification and to be named as an additional insured.[2]

## I. BACKGROUND

Plaintiff general contractor entered into a contract with Beaumont Services to act as general contractor for the construction of the Beaumont Shared Services Building, a large construction project located in Southfield, Michigan. In April 2018, plaintiff general contractor entered into a subcontract agreement with De-Cal, Inc. (hereinafter, subcontractor Del-Cal) for it to provide certain services and materials, including HVAC work, in exchange for payment of $2,212,157. The subcontract named Beaumont Services as the "owner," plaintiff general contractor as the "contractor," and subcontractor De-Cal as the "subcontractor."

In turn, in July 2018, subcontractor De-Cal entered into the subject sub-subcontract agreement with defendant sub-subcontractor for the provision of certain plumbing and HVAC insulation services at the project. The sub-subcontract obligated defendant sub-subcontractor to furnish all labor and materials necessary to complete the scope of work. Article VIII of the sub-subcontract provided:

> [Defendant sub-subcontractor] agrees to indemnify, defend and hold harmless DE-CAL, it's [sic] Customer, the owner and their agents and employees, from and against any claim, Injury, damage, cost, expense, loss or liability (including actual attorney's fees) whether arising before or after completion of the Subcontractor's Work caused by, arising out of, resulting from or occurring in connection with the performance of the Work or any activity associated with the Work, by the [defendant sub-subcontractor], its Sub-Subcontractors, employees, suppliers or their agents or employees.

The sub-subcontract also required defendant sub-subcontractor to maintain certificates of insurance naming subcontractor De-Cal and its "customer" as "additional insureds." Notably, the sub-subcontract did not identify or define "customer" or "owner."

In July 2018, defendant sub-subcontractor's employee, Micah Vincent, was injured while performing insulation services on the project. In February 2020, Vincent filed a complaint against plaintiff general contractor and Turner-Brooks, Inc., another subcontractor, alleging that he was injured when an overloaded drywall cart fell onto him, causing him to suffer severe injuries.

---

[2] Plaintiff general contractor initially filed a claim of cross-appeal from the same final order, which also denied plaintiff general contractor's request for attorney fees incurred in enforcing its right to indemnification, but the cross-appeal was dismissed by stipulation of the parties. *DeMaria Bldg Co, Inc v Master Mechanical Insulation, Inc*, unpublished order of the Court of Appeals, entered February 23, 2022 (Docket No. 359798). As discussed further in this opinion, plaintiff general contractor still raises an argument regarding costs and attorney fees in its brief on appeal, but we lack jurisdiction to consider it.

Plaintiff general contractor tendered a claim to defendant sub-subcontractor's insurer on the basis of defendant sub-subcontractor's indemnity obligation in the sub-subcontract. Relying on Article VIII of the sub-subcontract, plaintiff general contractor asserted that defendant sub-subcontractor "is required to defend and indemnify both Subcontractor De-Cal, and its customer DeMaria, for claims arising out of its work." Defendant sub-subcontractor, however, declined the tender of defense and request for indemnity.

In the interim, plaintiff general contractor filed a complaint alleging, in part, that defendant sub-subcontractor breached the sub-subcontract by failing to provide indemnity and defense in the Vincent lawsuit and by not purchasing the additional insurance coverage or adding plaintiff general contractor as an insured. The parties eventually filed cross-motions for summary disposition under MCR 2.116(C)(10), contesting the meaning of the sub-subcontract's indemnity provision.

The circuit court dispensed with oral argument and granted summary disposition in favor of plaintiff general contractor. The circuit court reasoned that the sub-subcontract was ambiguous because it did not define the term "customer," and the circuit court relied on parol evidence to conclude that plaintiff general contractor was the "customer" entitled to indemnification from defendant sub-subcontractor. Additionally, the circuit court found, for the same reasons, that "DeMaria is De-Cal's 'Customer' and Master Mechanical's failure to add De-Cal and DeMaria as additional insureds on its insurance policies is a breach of the Sub-Subcontract."

Defendant sub-subcontractor then moved for reconsideration, pointing out that because the circuit court found that the sub-subcontract was ambiguous, a jury should have considered the extrinsic evidence to determine the contract's meaning. In its opinion on reconsideration, the circuit court found that its initial opinion and order should have stated that the sub-subcontract was unambiguous, but that "[a] different disposition of the underlying motion would still not result because there is no genuine issue of material fact that the parol evidence presented to the Court establishes that DeMaria is De-Cal's 'Customer.' "

Subsequently, plaintiff general contractor moved for attorney fees and costs seeking, in part, those fees and costs incurred in the instant litigation. The circuit court denied the request.

## II. STANDARDS OF REVIEW

This Court reviews de novo a circuit court's decision on a motion for summary disposition. *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005). Summary disposition under MCR 2.116(C)(10) is proper if there is no genuine issue about any material fact and the moving party is entitled to judgment as a matter of law. *Bergen v Baker*, 264 Mich App 376, 381; 691 NW2d 770 (2004). In reviewing the circuit court's decision, this Court "considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "Where the burden of proof . . . on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*. at 363. "A genuine issue of material fact exists when the record,

giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). This Court reviews de novo issues of contract interpretation. *Ajax Paving Indus, Inc v Vanopdenbosch Constr Co*, 289 Mich App 639, 643; 797 NW2d 704 (2010).

## III. INDEMNIFICATION AND ADDITIONAL INSURED STATUS

Defendant sub-subcontractor first argues that the circuit court erred by granting summary disposition in favor of plaintiff general contractor on its claim to enforce the indemnity provision of the sub-subcontract. According to defendant sub-subcontractor, no contract exists between plaintiff general contractor and defendant sub-subcontractor allowing for indemnification and, further, the plain language of the sub-subcontract does not require defendant sub-subcontractor to indemnify plaintiff general contractor because the contract contains no mention of plaintiff general contractor "whatsoever." Instead, with respect to the indemnity provision of the sub-subcontract, defendant sub-subcontractor asserts that the parties clearly intended that Beaumont was the "customer" because Beaumont was the ultimate beneficiary of the sub-subcontract because it will receive an improvement to its real property.

"An indemnity contract is construed in accordance with the rules for the construction of contracts in general." *Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 172; 530 NW2d 772 (1995). "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties[.]" *Highfield Beach at Lake Mich v Sanderson*, 331 Mich App 636, 654; 954 NW2d 231 (2020) (quotation marks and citation omitted). "In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Id*. (quotation marks and citation omitted). Courts must "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). When the language of an indemnity provision is clear and unambiguous, the contract must be enforced as written. *Burkhardt v Bailey*, 260 Mich App 636, 656; 680 NW2d 453 (2004). "A contractual term is ambiguous on its face only if it is equally susceptible to more than a single meaning." *Kendzierski v Macomb Co*, 503 Mich 296, 311; 931 NW2d 604 (2019) (quotation marks and citation omitted). Additionally, "if two provisions of the same contract irreconcilably conflict with each other, the language of the contract is ambiguous." *Klapp*, 468 Mich at 467.

Given our conclusion in Docket No. 357989 to remand to the trial court to make factual findings on Vincent's negligence claim against the subcontractor Turner-Brooks, Inc., we find it appropriate to also hold the indemnity issue between plaintiff general contractor and defendant sub-subcontractor in abeyance pending resolution of that remand.

## IV. COSTS AND ATTORNEY FEES

In its brief on appeal, plaintiff general contractor also argues that the circuit court erred by denying its motion for costs and attorney fees incurred in the instant litigation. According to plaintiff general contractor, this Court should reconsider *Hayes v Gen Motors Corp*, 106 Mich App 188, 200; 308 NW2d 452 (1981), which the circuit court relied on, because it is no longer precedentially binding and it encourages parties to intentionally breach their contractual duties.

Plaintiff general contractor's argument indicates that it seeks a decision more favorable than that which the circuit court rendered, i.e., an award of attorney fees and costs for the instant litigation that the circuit court denied. Under such circumstances, a party must file a cross-appeal to obtain a result more favorable than that which the circuit court provided. *In re Estate of Herbach*, 230 Mich App 276, 284; 583 NW2d 541 (1998). Plaintiff general contractor filed a cross-appeal; however, plaintiff general contractor dismissed its cross-appeal by stipulation of the parties and this Court subsequently dismissed the cross-appeal by order. See *Demaria Bldg Co, Inc v Master Mechanical Insulation, Inc*, unpublished order of the Court of Appeals, entered February 23, 2022 (Docket No. 359798). Consequently, we lack jurisdiction to consider plaintiff general contractor's arguments. See *Conlon v Treasurer*, 23 Mich App 646, 647; 179 NW2d 208 (1970) (indicating this Court lacks jurisdiction when no appeal is taken). "When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." *Id*. at 648 (quotation marks and citations omitted). Consequently, we decline to consider plaintiff's argument for lack of jurisdiction.

## V. CONCLUSION

The indemnity issue is therefore held in abeyance pending resolution of the remand in the companion case, Docket No. 357989. We retain jurisdiction.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola

-5-

# Court of Appeals, State of Michigan

## ORDER

Demaria Building Company Inc v Master Mechanical Insulation Inc

Docket No.    359798

LC No.        2020-179257-CB

Kathleen Jansen
Presiding Judge

Deborah A. Servitto

Michael F. Gadola
Judges

Pursuant to the opinion issued concurrently with this order, the indemnity issue between plaintiff general contractor and defendant sub-contractor in *Demaria Building Company Inc v Master Mechanical Insulation Inc*, Docket No. 359798 is held in ABEYANCE pending resolution of the REMAND in *Micah Vincent v Demaria Building Company Inc*, Docket No. 357989.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

December 22, 2022
Date

Chief Clerk