ESTATE OF FREEDLAND

KLAPP *v.* BEVERLY HALL FOUNDATION

1. APPEAL AND ERROR—PROBATE COURT JUDGMENT—REVIEW—CIRCUIT COURT—STATUTES—COURT RULES.

An appeal from a probate court judgment may be taken only to the circuit court, and further review may be had only upon application for leave to appeal to the Court of Appeals (MCLA § 600.308[1]; GCR 1963, 804.2[4]).

2. APPEAL AND ERROR—JURISDICTION—PROBATE COURT JUDGMENT— CIRCUIT COURT JUDGMENT.

The Court of Appeals is without jurisdiction to consider an appeal from a circuit court judgment affirming a probate court decision where no application for leave to appeal was filed.

Appeal from Genesee, Earl E. Borradaile, J. Submitted Division 2 November 10, 1970, at Lansing. (Docket No. 9261.)   Decided December 8, 1970.

Petition by Kittredge R. Klapp, administrator of the estate of William C. Freedland, to include the proceeds of certain bonds in the inventory of the estate.   Beverly Hall Foundation objected.   Order that the proceeds be paid to Beverly Hall Foundation.   Plaintiff appealed to circuit court.   Affirmed. Plaintiff appeals.   Dismissed without prejudice to apply for leave to appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 139 *et seq.*
   20 Am Jur 2d, Courts § 32.
[2] 20 Am Jur 2d, Courts §§ 6, 7, 12–15.

*Neithercut & Neithercut* (by *Kittredge R. Klapp*), for plaintiff.

*Gault, Davison & Bowers,* for defendant.

Before: QUINN, P. J., and DANHOF and CARROLL,* JJ.

PER CURIAM. Among the items in the possession of William C. Freedland at the time of his death were United States Treasury Bonds, series H, registered to "William C. Freedland, P.O.D. Beverly Hall Foundation". The administrator of Freedland's estate cashed the bonds and petitioned in Genesee County Probate Court for an order authorizing inclusion of the proceeds in the inventory of the estate. The Beverly Hall Foundation filed an objection thereto, claiming its ownership of the bonds by virtue of the registration.

On November 13, 1968, the probate court denied the administrator's petition and affirmatively ordered the transfer of the proceeds plus interest to the Beverly Hall Foundation. The administrator claimed an appeal in Genesee County Circuit Court where the decision of the probate court was affirmed on February 17, 1970. The administrator filed a claim of appeal in this Court on March 9, 1970.

The judgment appealed from was not appealable as of right. An appeal from a probate court judgment may be taken only to the circuit court; further review may be had only upon application for leave to appeal to this Court. MCLA § 600.308(1) (Stat Ann 1970 Cum Supp § 27A.308[1]); GCR 1963, 806.2(4) as amended February 13, 1969, 381 Mich lxxvii, lxxviii. The administrator's claim that the probate court had no jurisdiction to grant the relief

---

* Circuit judge, sitting on the Court of Appeals by assignment.

it did has no effect on the appeal process he must follow to raise that issue.

No application for leave to appeal having been filed in this case, our Court is without jurisdiction to consider the appeal. *People* v. *Markunas* (1970), 23 Mich App 616; *Dearborn* v. *Pulte-Strang, Inc.* (1968), 12 Mich App 161; *Hope* v. *Weiss* (1968), 12 Mich App 404; *Fox* v. *Board of Regents of the University of Michigan* (1965), 375 Mich 238. The appeal is dismissed without prejudice to apply for leave, without costs.