TENNEY v SPRINGER

Docket No. 59011. Submitted April 12, 1982, at Lansing.—Decided November 3, 1982.

Plaintiff, Charles R. Tenney, brought an action in the District Court for the 55th Judicial District, R. William Reid, J., to recover possession of realty and alleging that defendants, Thomas E. Springer and Margaret E. Springer, land contract vendees, were in default under the terms of the contract. The district court entered a judgment for possession in favor of the plaintiff. Defendants had 90 days from entry of the judgment in which to pay the plaintiff the amount owing under the contract and costs, $48,000.88, to avoid issuance of a writ of restitution which, once issued, would foreclose defendants' right of redemption. To protect their equity defendants entered into a purchase agreement for the property with one Luke Freund to raise the money to satisfy the judgment during the redemption period. Freund prepared two checks, one for $5,484.24 made out to plaintiff and representing plaintiff's equity in the property, and the second for $43,541.26, representing the amount of a mortgage on the property held by First State Savings Association and made to the order of First State Savings and Luke Freund jointly. After an unsuccessful attempt to present plaintiff with the checks, Freund filed them with the district court clerk on defendants' behalf. Sometime thereafter, plaintiff was added as payee on the larger check. Thereafter, in response to defendants' motion to compel plaintiff to execute a deed, the district court judge ruled that a writ of restitution would not issue because defendants had made proper tender of the amount due plaintiff under the contract. An order was entered that a timely tender of the monies due had been made, that no writ of restitution would enter and that plaintiff was not then required to execute a deed. Plaintiff then appealed to the Ingham Circuit Court where the order of the district court was reversed and set aside, Ray C. Hotchkiss, J., on the ground that the district court had erred in finding the defendants' offer of the two

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error § 309.
[3-5] 77 Am Jur 2d, Vendor and Purebaser § 406 *et seq.*

checks in the amount of the judgment and issued by a third party constituted proper payment for redemption. The circuit court also ruled that defendants had forfeited any interest in the property. Defendants filed a claim of appeal from the order of the circuit court. *Held:*

1. An application for leave to appeal should have been filed in this case. Where a party files a claim of appeal when the party had no appeal as of right, the appeal will normally be dismissed for lack of jurisdiction. However, since resolution of the question raised on appeal is necessary to achieve justice in this case, in order to reach the merits, the Court of Appeals treated the claim of appeal as an application for leave to appeal and granted it.

2. The district court was correct in finding that the two checks remitted by Freund, payable to the plaintiff and the mortgagee and filed with the district court, constituted a valid tender of payment to the plaintiff. Thus, the circuit court erred in reversing the district court and in ruling that defendants had forfeited any interest in the property.

3. Where the defaulting vendee has offered to pay the vendor through checks remitted by his purchaser, he has redeemed his interest as required by the summary proceedings statutes.

4. The summary proceedings statute for recovery of possession of premises is remedial in nature and should be construed liberally.

5. The district court correctly found that defendants had redeemed their interest in the instant case because their tender to the plaintiff permitted defendants to make plaintiff whole while protecting their equity.

6. The fact that the checks were remitted by the purchaser, Freund, is consistent with a liberal construction of the "is paid" language of the summary proceedings statute. The fact that one of the checks was payable to the mortgagee as well as to the plaintiff does not negate proper tender under the statute. Plaintiff was not prejudiced by the form of the checks.

7. The circuit court erred in reversing the decision of the district court that defendants had properly redeemed their interest. The tender was not improper because the checks were filed with the district court since the defendant had a choice of making a redemption payment either to the plaintiff or to the district court.

The circuit court decision was reversed and the cause remanded to the district court with instructions.

1. APPEAL — JURISDICTION — COURT OF APPEALS — COURT RULES.

An appeal to the Court of Appeals from a judgment of a circuit court on appeal from a district court is by leave of the Court of Appeals (MCL 600.8342; MSA 27A.8342; GCR 1963, 806.2[4]).

2. APPEAL — JURISDICTION — APPEALS AS OF RIGHT — APPEALS BY LEAVE GRANTED — COURT RULES.

An appeal will normally be dismissed for lack of jurisdiction where a party filed a claim of appeal when the party had no appeal as of right; however, where resolution of the question raised on appeal is necessary to achieve justice in the case, in order to reach the merits, the Court of Appeals may treat the claim as an application for leave to appeal and grant it (GCR 1963, 820.1[7]).

3. PROPERTY — PREMISES — RECOVERY OF POSSESSION — SUMMARY PROCEEDINGS STATUTE — JUDICIAL CONSTRUCTION.

The summary proceedings statute for recovery of possession of premises is remedial in nature and should be construed liberally (MCL 600.5701 *et seq.;* MSA 27A.5701 *et seq.*).

4. VENDOR AND PURCHASER — LAND CONTRACTS — REDEMPTION.

A defaulting vendee on a land contract has redeemed his interest as required by the summary proceedings statute for the recovery of possession of premises where the defaulting vendee has offered to pay the vendor through checks remitted by a purchaser from the defaulting vendee and payable to the mortgagee of the property as well as to the vendor, thereby permitting the defaulting vendee to make the vendor whole while protecting the defaulting vendee's equity in the subject property (MCL 600.5744[6]; MSA 27A.5744[6]).

5. VENDOR AND PURCHASER — LAND CONTRACTS — REDEMPTION.

A defaulting vendee has the choice of making a redemption payment either to the plaintiff-vendor or to the district court in order to redeem in accordance with the "is paid to plaintiff" language of the summary proceedings statute for the recovery of possession of premises (MCL 600.5744[6]; MSA 27A.5744[6]).

*Daniel C. Stump,* for plaintiff.

*George H. Krause,* for defendants.

Before: DANHOF, C.J., and R. B. BURNS and WAHLS, JJ.

Wahls, J. This appeal presents a question involving summary proceedings to recover possession of realty sold under a land contract.

Plaintiff brought an action in district court to recover possession of realty pursuant to MCL 600.5701 *et seq.;* MSA 27A.5701 *et seq.,* alleging that defendants, land contract vendees, were in default under the terms of the contract.

On May 9, 1980, the district court entered a judgment for possession, MCL 600.5741; MSA 27A.5741 in favor of plaintiff. Pursuant to MCL 600.5744; MSA 27A.5744 defendants had 90 days from entry of judgment in which to pay plaintiff the amount owing under the contract and costs, determined by the court to be $48,000.88, to avoid issuance of a writ of restitution which, once issued, would foreclose defendants' right of redemption.

In order to protect their equity, defendants entered into a purchase agreement for the property with one Luke Freund to raise the amount necessary to satisfy the judgment during the redemption period. Freund prepared two checks to effectuate the purchase. One, in the amount of $5,484.24, was made out to plaintiff and represented plaintiff's equity in the property; the second check, in the amount of $43,541.26, representing the amount of a mortgage on the property held by First State Savings Association, was made to the order of First State Savings and Luke Freund jointly. After an unsuccessful attempt to present the checks to plaintiff, Freund filed them with the district court clerk on defendants' behalf. Sometime thereafter, plaintiff was added as payee on the larger check.

On August 12, 1980, in response to defendants' motion to compel plaintiff to execute a deed, the district court judge ruled that a writ of restitution would not issue because defendants had made

proper tender of the amount due plaintiff under the contract. On December 17, 1980, an order was entered to the effect that a timely tender of the monies due in order to redeem the property was made to the plaintiff, that no writ of restitution would enter, and that plaintiff was not then required to execute a deed.

Plaintiff appealed to the circuit court where the order of the district court was reversed and set aside on the ground that the district court had erred in finding the defendants' offer of the two checks in the amount of the judgment and issued by a third party constituted proper payment for redemption. The circuit court ruled that defendants had forfeited any interest in the property. Defendants filed a claim of appeal with this Court.

There is an initial question of whether defendants' appeal is properly before this Court. Defendants appeal to this Court from a judgment of the circuit court on appeal from the district court. An appeal in such a case is by leave. MCL 600.8342; MSA 27A.8342; GCR 1963, 806.2(4).

Where a party files a claim of appeal when the party had no appeal as of right, the appeal will normally be dismissed for lack of jurisdiction. See *Estate of Freedland,* 28 Mich App 580, 582; 184 NW2d 526 (1970). However, since resolution of the question raised on appeal is necessary to achieve justice in this case, in order to reach the merits, we will treat the claim of appeal as an application for leave to appeal and grant it. GCR 1963, 820.1(7), see *Morre v 9th Dist Judge,* 69 Mich App 16, 19; 244 NW2d 346 (1976), *lv den* 397 Mich 848 (1976).

The relevant sections of the summary proceedings statute are MCL 600.5741; MSA 27A.5741, which provides in pertinent part:

"Sec. 5741. If the jury or the judge finds that the plaintiff is entitled to possession of the premises, or any part thereof, judgment may be entered in accordance with the finding and may be enforced by a writ of restitution as provided in this chapter. If it is found that the plaintiff is entitled to possession of the premises, in consequence of the nonpayment of any money due under a tenancy, or the nonpayment of moneys required to be paid under an executory contract for purchase of the premises, the jury or judge making the finding shall determine the amount due or in arrears at the time of trial which amount shall be stated in the judgment for possession.

\*  \*  \*

"The statement in the judgment for possession shall be only for the purpose of prescribing the amount which, together with taxed costs, shall be paid to preclude issuance of the writ of restitution. The judgment may include an award of costs, enforceable in the same manner as other civil judgments for money in the same court."

and MCL 600.5744(6); MSA 27A.5744(6), which states:

"(6) When the judgment for possession is for nonpayment of money due under a tenancy or for nonpayment of moneys required to be paid under or any other material breach of an executory contract for purchase of the premises, the writ of restitution shall not issue if, within the time provided, the amount as stated in the judgment, together with the taxed costs, is paid to the plaintiff and other material breaches of an executory contract for purchase of the premises are cured."

Our review of the facts of the instant case, in light of the sections of the statute set forth above, leads us to conclude that the district court was correct in finding that the two checks remitted by Luke Freund, payable to plaintiff and the mortgagee of

the property and filed with the district court, constituted a valid tender of payment to the plaintiff. Consequently, we find that the circuit court erred in reversing the district court and in ruling that defendants had forfeited any interest in the property.

We reach this conclusion because the summary proceedings statute is remedial in nature and should be construed liberally. See *Birznieks v Cooper,* 405 Mich 319, 330-332; 275 NW2d 221 (1979).[1]

---

[1] In *Birznieks v Cooper, supra,* pp 331-332, in construing what constitutes "paid" within the redemption period under the summary proceedings statute and court rule, the Court stated:

"The court rule [then DCR 754.7, now DCR 754.11] provides that a judgment for possession shall 'include a statement as to the date when a writ of restitution may issue unless he pays the amount due and costs'. The apparent purpose is to inform the vendee or tenant of the amount required and the time within which to pay to avoid loss of possession and forfeiture.

"If the remedial purpose of the statute and the informational purpose of the court rule are to be fully implemented, the words 'within the time provided' and 'paid' should be given a construction consonant with what vendees and tenants would understand although that departs from what lawyers and judges and those counseled by them might understand.

"In construing these words, we also have in mind that the meaning we give them affects a matter of practice and procedure, the administration of justice, not merely the administration of a contract. The last judicial act in most forfeitures in summary proceedings is issuance of a writ of restitution. It is ultimately for this Court to decide the procedure for issuance of the writ that serves the Legislature's substantive purpose and the fair and efficient administration of justice." (Footnotes omitted.)

Relative to interpretation of a remedial statute, the Court noted:

" 'The words of a statute are to be understood in the sense in which they best harmonize with the subject of the enactment and the object which the Legislature has in view.' Enlich, Interpretation of Statutes, 73, p 94.

" 'Of such statutes [remedial], as distinguished from penal statutes, more especially is it said that they are to be construed liberally, to carry out the purpose of the enactment, suppress the mischief and advance the remedy contemplated by the Legislature; *i.e.,* and this is all that liberal construction consists in—they are to be construed 'giving the words * * * the largest, the fullest, and most extensive meaning of which they are susceptible.' Enlich, *supra,* § 107, p 142.

"Remedial statutes are liberally construed to suppress the evil and advance the remedy. * * *

"What is called a liberal construction is ordinarily one which

MCL 600.5744(6); MSA 27A.5744(6) establishes that a writ of restitution shall not issue if the amount of the judgment for possession "is paid to the plaintiff" within the time provided. We note the absence of any qualifying language in this section as to who is to pay the plaintiff or how the plaintiff is to be paid.

Plaintiff's contention that the statute should be read to necessitate payment by the defendants only, by means of an instrument made out only in favor of the plaintiff and placed only in the hands of the plaintiff, amounts to an unacceptably narrow construction of the statute. Such a construction is inconsistent with the purpose of the redemption provisions and is antithetical to the liberal construction by which remedial statutes are to be applied.

The redemption provisions were enacted to afford a defaulting vendee the opportunity to redeem his interest; this end may often be accomplished through a sale subsequent to the judgment for possession which allows the vendee to protect his equity while making the vendor whole. We conclude that where the defaulting vendee has offered to pay the vendor through checks remitted by his purchaser, he has redeemed his interest as required by the statute.

The district court was correct in finding that defendants had redeemed their interest in the

makes the statutory rule or principle apply to more things or in more situations than would be the case under a strict construction.' 3 Sutherland, Statutory Construction, § 60.01, p 29." *Birznieks,* pp 331-332, fn 12.

Citing, *United States v Loosley,* 551 P2d 506, 508 (Utah, 1976), the Court further noted that in order to achieve their purpose of permitting a property owner who can pay his debts to do so, and thus make his creditor whole, and save his property, rules and statutes dealing with redemption are regarded as remedial in character and should be given liberal construction. *Birznieks,* p 330, fn 10.

instant case because their tender to the vendor-plaintiff permitted defendants to make plaintiff whole while protecting their equity in the subject property.

The fact that the checks were remitted by the purchaser Luke Freund is not inconsistent with a liberal construction of the "is paid" language of MCL 600.5744(6); MSA 27A.5744(6). The fact that one of the checks was payable to the mortgagee of the property as well as to the plaintiff does not negate proper tender under the statute. Plaintiff was not prejudiced by the form of the checks, and would have received all monies to which he was entitled under the land contract and the court order had he accepted tender of the checks.[2]

Nor was the tender improper because the checks were filed with the district court rather than delivered to the plaintiff personally. This Court in *Karakas v Dost,* 67 Mich App 161, 169; 240 NW2d 743 (1976), *lv den* 396 Mich 869 (1976), has read the "is paid to plaintiff" language of MCL 600.5744(6); MSA 27A.5744(6), in conjunction with the judgment notice approved by the Michigan Supreme Court Administrator as offering a defendant a choice of making a redemption payment either to the plaintiff or to the district court.

For the foregoing reasons, we find that the

---

[2] We note that plaintiff manifested an intent not to accept tender of payment in the instant case. Plaintiff refused to provide defendants with the actual figures necessary to allow defendants to proceed with the sale of the property to Luke Freund. In addition, defendants' attorney had attempted to effect a meeting with plaintiff through plaintiff's attorney for purposes of paying the amount of the judgment, but plaintiff refused to attend such a meeting. Such a scenario, where a defendant evinces readiness, willingness, and ability to tender payment for purposes of redemption but the plaintiff, by his acts or words, indicates that tender would not be accepted, satisfies the "is paid" language of MCL 600.5744(6); MSA 27A.5744(6). *Karakas v Dost,* 67 Mich App 161; 240 NW2d 743 (1976), *lv den* 396 Mich 869 (1976).

circuit court erred in reversing the decision of the district court that defendants had properly redeemed their interest.

Consequently, we reverse the circuit court decision and remand the cause to the district court for determination of the total amount of monies owed by defendants to plaintiff under the land contract as of the date of defendants' redemption, August 7, 1980, and for other proceedings consistent with this opinion.