ENTINGH v GROOTERS

Docket No. 203303. Submitted April 6, 1999, at Grand Rapids. Decided
June 29, 1999, at 9:05 A.M.

John and Gezina Entingh brought an action in the 63rd District Court
against David C. and Sandra K. Grooters, seeking forfeiture of a
land contract. The court, Sara J. Smolenski, J., entered a judgment
of possession that gave the defendants a ninety-day period of
redemption. The defendants moved for amendment of the judgment
to provide for a six-month redemption period. The court denied the
motion. The Kent Circuit Court, George S. Buth, J., affirmed the
district court's ruling. The defendants appealed to the Court of
Appeals by leave granted.

The Court of Appeals *held*:

MCL 600.5744(3); MSA 27A.5744(3) provides for a ninety-day
period of redemption if less than fifty percent of the purchase price
has been paid and for a six-month period if fifty percent or more of
the purchase price has been paid. "Purchase price" means the price
agreed upon as consideration for which property or goods are sold
and purchased. In the context of a land contract, the purchase
price is the selling price of the property as set forth on the face of
the land contract.

Where, as in this case, responsibility for payment of taxes and
insurance is allocated to the vendees under the terms of the land
contract and the vendors pay taxes and insurance, taxes and insur-
ance premiums paid by the vendors may not be added to the origi-
nal selling price when determining purchase price for purposes of
MCL 600.5744(3); MSA 27A.5744(3). Because the defendants have
paid more than fifty percent of the purchase price, they are entitled
to a six-month redemption period, even though they have paid less
than fifty percent of the unpaid balance, which increased as a
result of the plaintiffs' payment of taxes and insurance premiums.

Reversed and remanded.

VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURES — REDEMPTION
PERIODS — PURCHASE PRICES.

"Purchase price," as used in the statute providing a ninety-day period
of redemption following forfeiture of a land contract if less than
fifty percent of the purchase price has been paid, or a six-month

period of redemption if fifty percent or more of the purchase price has been paid, means the original selling price of the property as set forth on the face of the land contract (MCL 600.5744[3]; MSA 27A.5744[3]).

*Van Dam & Jesson, P.C.* (by *Lawrence W. Wilson*), for the plaintiffs.

*Cynthia G. Carowitz,* for the defendants.

Before: McDONALD, P.J., and SAWYER and COLLINS, JJ.

COLLINS, J. In this land contract forfeiture action, defendants appeal by leave of this Court the circuit court order affirming a district court order that denied defendants' motion to amend a judgment for possession by default. Defendants sought to amend the judgment to reflect a six-month rather than a ninety-day period for curing the default. We reverse and remand.

Defendants entered into a land contract to purchase from plaintiffs certain real estate in Kent County for $61,000. Defendants failed to pay real estate taxes and insurance premiums for the property as required under the terms of the contract. Pursuant to the contract, plaintiffs paid the taxes and premiums and added these amounts, plus accrued interest, to the principal balance due. Plaintiffs then filed a complaint for possession after land contract forfeiture. The district court entered a judgment of possession, by default, stating the amount in arrears and giving defendants ninety days in which to pay that amount to avoid the issuance of a writ of restitution. Defendants failed to cure within the ninety-day period, and the district court issued a writ of restitution to plaintiffs.

Defendants moved to amend the judgment for possession, claiming that they had six months rather than ninety days to cure the default on the contract under MCL 600.5744(3); MSA 27A.5744(3), because they had paid $33,722.47 on the contract, which was more than fifty percent of the purchase price of the property. However, the court rejected defendants' argument that the "purchase price" for purposes of curing a default pursuant to MCL 600.5744(3); MSA 27A.5744(3) was the $61,000 price stated in the contract; rather, the court concluded that for purposes of the statute, "the taxes and any expenses that arise as a result of the land contract itself to pay it off in full are meant to be part of that 50% [of the purchase price] figure." The unpaid balance on the contract at the time the court entered judgment for possession, including the taxes and insurance premiums paid by plaintiffs, was $30,754.47. Because that amount was slightly more than fifty percent of $61,000, the court denied defendants' petition to amend the judgment, but ordered a stay of the proceedings pending an appeal with the Kent Circuit Court, which affirmed the district court's order.

On appeal, defendants argue that the district court erred in its interpretation of the term "purchase price" in MCL 600.5744(3); MSA 27A.5744(3), and in its method of determining whether fifty percent of that purchase price had been paid. We agree. Statutory interpretation is a question of law that we review de novo. *Haworth, Inc v Wickes Mfg Co*, 210 Mich App 222, 227; 532 NW2d 903 (1995). The primary purpose of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Id.* The first criterion in determining the Legislature's intent is

the specific language of the statute. *Erb Lumber Co v Homeowner Constr Lien Recovery Fund,* 206 Mich App 716, 720; 522 NW2d 917 (1994). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Barr v Mt Brighton Inc,* 215 Mich App 512, 516; 546 NW2d 273 (1996). The statute governing summary proceedings for recovery of possession of premises, MCL 600.5701 *et seq.;* MSA 27A.5701 *et seq.,* is remedial in nature and should be construed liberally. *Tenney v Springer,* 121 Mich App 47, 53; 328 NW2d 566 (1982).

MCL 600.5744(3); MSA 27A.5744(3) provides as follows:

> When the judgment for possession is based upon the forfeiture of an executory contract for the purchase of the premises, the writ of restitution shall not be issued until the expiration of 90 days after the entry of judgment for possession if less than 50% of the purchase price has been paid or until the expiration of 6 months after the entry of judgment for possession if 50% or more of the purchase price has been paid.

Because the term "purchase price" is not defined in the statute, our rules of statutory construction require this Court to apply the plain and ordinary meaning of the words. MCL 8.3a; MSA 2.212(1); *Erb Lumber, supra* at 720. Black's Law Dictionary[1] defines "purchase price" as the "[p]rice agreed upon as consideration for which property or goods are sold and purchased." Black's Law Dictionary (6th ed), p 1235. In light of this definition, we find that, for purposes of

---

[1] Reference to a dictionary is appropriate to determine the ordinary meaning of a word. *Popma v Auto Club Ins Ass'n,* 446 Mich 460, 470; 521 NW2d 831 (1994).

establishing the proper redemption period under MCL 600.5744(3); MSA 27A.5744(3), the term "purchase price" means the original selling price for the property as set forth on the face of the parties' land contract.[2] Although a land contract may, as did the contract in this case, allocate responsibility for taxes and insurance to the vendees and allow the vendors to pay any unpaid taxes and insurance premiums and then add them to the vendees' unpaid balance, those provisions do not alter the actual sale price of the property. Therefore, those costs may not be included in the "purchase price" for purposes of MCL 600.5744(3); MSA 27A.5744(3).

We further find that in determining whether fifty percent of the purchase price has been paid for purposes of the statute, the court must look to the amount the vendees have paid against the original selling price, exclusive of any interest. The redemption provisions of the summary proceedings statute were designed to afford a defaulting vendee the opportunity to redeem his interest and save his property. *Tenney, supra; Birznieks v Cooper*, 405 Mich 319, 330-332; 275 NW2d 221 (1979). The plain language of the statute establishes the appropriate redemption period on the basis of the percentage paid against the *purchase price*. In distinguishing between vendees who have acquired more than fifty percent equity in the property that is the subject of a forfeiture action and those who have not acquired such a substantial stake in the property, the Legisla-

---

[2] In this case, the parties' contract provided that "[t]he Buyer agrees to purchase of the Seller the above-described premises and to pay therefor *a purchase price* of Sixty-one [sic] and no/100 dollars ($61,000). . . ." [Emphasis added.]

ture clearly intended to afford greater protection, in the form of a longer period of redemption, to those who were more heavily vested in the property. We conclude, therefore, that the court may not, as the district court did in this case, simply look to the "principal balance due" to determine whether fifty percent or more of the purchase price has been paid. While the difference between the unpaid principal balance and the purchase price often will reflect the amount paid against the purchase price, in cases such as this, where taxes and insurance premiums have been added to the outstanding principal balance, subtracting the unpaid balance from the purchase price will not yield the amount of equity acquired by the vendee in the property.

In this case, both parties agree that the original selling price was $61,000. Thus, in order to qualify for the six-month redemption period, defendants would have had to have paid at least $30,500 on the principal. Having paid $33,722.47 toward the purchase price of the property in question at the time the court entered judgment for possession, defendants clearly were entitled to the six-month redemption period.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.