*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOAN GRATTAN,

       Plaintiff-Appellant,

v

ESTATE OF SILVIA EILENDER, by EDITH
EILENDER, Personal Representative, ESTATE OF
JANET EILENDER, ROBERT E. NELSON, and
ESTATE OF ERIC T. NELSON, by DAVID P.
NELSON, Personal Representative,

       Defendants-Appellees.

UNPUBLISHED
July 29, 2021

No. 354274
Lapeer Circuit Court
LC No. 19-053366-CH

Before: GADOLA, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

In this quiet title action, plaintiff appeals as of right the trial court's order granting summary disposition to defendants. Plaintiff contends on appeal that the trial court erred in granting defendants summary disposition prior to discovery in the case. We affirm.

## I. FACTUAL BACKGROUND

Plaintiff's mother, Erma Hewson, entered into a single land contract with defendants to sell two parcels of land in Lapeer County on August 19, 1969. Despite the contract, on January 12, 1971, Hewson deeded the same parcels to herself and plaintiff as joint tenants with full rights of survivorship. Subsequently, defendants paid the purchase price for the first parcel, and Hewson and plaintiff delivered a signed warranty deed to defendants on September 3, 1979. The payment for and conveyance of the second parcel is the subject of this suit. Defendants submitted correspondence between the attorneys responsible for the sale of the parcels indicating that defendants paid the full purchase price for the second parcel on June 8, 1982. Defendants' then-attorney wrote that, with the letter, he enclosed a check made payable to the order of Hewson and plaintiff. Two days later the attorney then representing plaintiff and Hewson mailed to defendants a warranty deed that was signed only by Hewson. The fact that plaintiff did not sign the deed apparently went unnoticed for nearly 40 years until defendants tried to sell the property.

Defendants contacted plaintiff to sign a deed to correct the error. Plaintiff refused and filed this single count action to quiet title and for declaratory relief, alleging that she is the true owner of the second parcel as the only remaining survivor of the joint tenancy she shared with her mother. Plaintiff's complaint alleged that she never received payment for the second parcel and is, therefore, the rightful owner of the property.

Defendants moved for summary disposition. They argued that the parcel was paid for in full in 1982, and it was a mere oversight or mistake that plaintiff did not sign the deed in addition to Hewson. Plaintiff had not stepped foot on the property in decades, nor had she ever paid property taxes or contributed to maintenance and upkeep of the property. Plaintiff argued in response that she owned at least a one-half interest in the parcel because she was never compensated for it, and that she was cut out of the transaction for the second parcel for some unknown reason. The court granted defendants' motion for summary disposition, holding that defendants, as purchasers under the land contract, had superior title to the seller under the land contract as it was never forfeited or foreclosed upon. This appeal followed.

## II. DISCUSSION

Plaintiff contends that the trial court erred by granting defendants summary disposition prior to discovery. We affirm.

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Bowden v Gannaway*, 310 Mich App 499, 503; 871 NW2d 893 (2015). Defendants brought their motion for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). The trial court did not specify under which rule it granted defendants' motion, though it held that there was no genuine issue of material fact that defendants have superior title, and its order stated the same. "MCR 2.116(C)(7) permits summary disposition 'because of release, payment, prior judgment, [or] immunity granted by law.' " *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015), quoting MCR 2.116(C)(7). Defendants argued summary disposition was appropriate under MCR 2.116(C)(7) because they submitted evidence of payment. However, the trial court did not conclude that a question of fact existed regarding whether payment had been made, so it did not grant summary disposition under MCR 2.116(C)(7). Summary disposition was also not granted under MCR 2.116(C)(8) because the court's decision relied on evidence outside the pleadings. A court cannot address facts outside the pleadings in a motion under MCR 2.116(C)(8). *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999). Therefore, the trial court granted summary disposition under MCR 2.116(C)(10).

"A motion made under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and when the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). "In considering a motion pursuant to MCR 2.116(C)(10), a court considers affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in a light most favorable to the nonmoving party." *Watts v Mich Multi-King, Inc*, 291 Mich App 98, 102; 804 NW2d 569 (2010). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotation marks and citation omitted). This Court also reviews de novo actions to quiet title and

the application of the doctrine of laches, which are equitable in nature. *Beach v Lima*, 489 Mich 99, 106; 802 NW2d 1 (2011) (actions to quiet title are reviewed de novo); *Knight v Northpointe Bank*, 300 Mich App 109, 113; 832 NW2d 439 (2013) (application of the doctrine of laches is reviewed de novo).

However, it should be noted that plaintiff did not specifically raise in the trial court the issue whether summary disposition was premature because discovery had not been completed, nor did the trial court decide the issue. Therefore, that aspect of the issue is unpreserved. "[T]his Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented[.]" *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). This Court "review[s] unpreserved challenges for plain error." *Total Armored Car Serv, Inc v Dep't of Treasury*, 325 Mich App 403, 412; 926 NW2d 276 (2018). To establish plain error, a party "must show (1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected [the party's] substantial rights." *Id*. (quotation marks and citation omitted). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018) (quotation marks and citation omitted; alteration in original).

Actions to quiet title are governed by MCL 600.2932, which provides in relevant part:

Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not. [MCL 600.2932(1).]

Actions to quiet title are equitable in nature. *Beulah Hoagland Appleton Qualified Personal Residence Trust v Emmet Co Rd Comm*, 236 Mich App 546, 550; 600 NW2d 698 (1999). "In an action to quiet title, the plaintiffs have the burden of proof and must make out a prima facie case of title." *Id*. Plaintiff has made out a prima facie case for title through her 1971 warranty deed in which Hewson deeded the property to herself and plaintiff as joint tenants with full rights of survivorship. Once plaintiff has made a prima facie case, "the defendants then have the burden of proving superior right or title in themselves." *Id*. Defendants' evidence of title consists of the 1969 land contract which provided for the sale of the second parcel, the 1982 letters evidencing payment and delivery of the deed, and the 1982 deed to the disputed parcel that was signed only by Hewson. The question is whether plaintiff's or defendants' claim to title is superior.

When a sale of land is made under a land contract, the vendee purchases the property for all intents and purposes upon signing the contract. *Graves v American Acceptance Mtg Corp*, 469 Mich 608, 616; 677 NW2d 829 (2004). The vendor retains legal title to the property as a security under the terms of the contract. *Id*. The vendee takes equitable title, which is a present interest that includes seisen, meaning the vendee has the right to sell, devise, or encumber the property. *Id*. Whether a vendee ultimately defaults on the contract has no bearing on the fact that he or she has, "in a real sense, purchased the property." *Id*. "That legal title remains in the vendor until full performance of all contractual obligations likewise does not negate the fact that the vendee has

already purchased the property." The vendor merely holds the legal title in trust for the vendee, and as security to the debt, until the contract's terms have been performed. *Batton-Jajuga v Farm Bureau Gen Ins Co of Mich*, 322 Mich App 422, 432; 913 NW2d 351 (2017). When a purchaser defaults on the contract, equitable title does not automatically revert to the seller; the seller must use a judicial remedy to retake full title to the property through forfeiture or foreclosure. See generally *Entingh v Grooters*, 236 Mich App 458; 600 NW2d 415 (1999) (explaining the forfeiture process); see also *Flynn v Korneffel*, 451 Mich 186; 547 NW2d 249 (1996) (explaining the foreclosure redemption process).

The trial court did not err in holding that defendants have superior title in the property over plaintiff. Defendants purchased the parcel under the land contract and took equitable title at that time. After that date, Hewson's status as the legal title holder to the parcel only extended as far as a security interest against the debt, held in trust for defendants until the terms of the land contract were fulfilled. Any interest in the property Hewson conveyed to plaintiff in 1971 was subject to defendants' purchase under the land contract. As noted above, even if defendants defaulted on payment or failed to pay the purchase price, equitable title would not automatically pass back to the vendor of the land. Even if plaintiff was not compensated for the land, as she contends, that fact does not give her superior title to defendants. In the event of a default, plaintiff would have had to go through the legal process of forfeiture or foreclosure, that included procedural protections to defendants, to regain full title to the property. As such, defendants hold superior title to plaintiff.

Plaintiff's main contention on appeal, however, is that summary disposition was prematurely granted because discovery had not yet taken place. We disagree. Because this issue is unpreserved, it will be reviewed to determine whether plain error occurred. *Total Armored Car Serv, Inc*, 325 Mich App at 412. "Generally, summary disposition under MCR 2.116(C)(10) is premature if it is granted before discovery on a disputed issue is complete." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). However, summary disposition is not necessarily premature if granted before the close of discovery. *Id*. "The question is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position." *Id*. It is not enough for the party opposing the motion to simply allege that summary disposition is premature. *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, ___ Mich App ___, ____; ___ NW2d ___ (2020) (Docket No. 348690); slip op at 9. "The party must clearly identify the disputed issue for which it asserts discovery must be conducted and support the issue with independent evidence." *Id*.

Plaintiff identifies as a disputed issue whether she ever received payment for the disputed parcel. The question is, thus, whether further discovery has a fair chance of yielding support for plaintiff's position that she was never compensated for the land. Plaintiff supports her contention that she was never paid for the property with an affidavit in which she avers she never received money or any other consideration in exchange for her interest in the land. However, plaintiff fails to point out what additional evidence she believes she can uncover during discovery to further support that position. Plaintiff's position is contradicted by the evidence in the letter from defendants' then-attorney stating that the enclosed check for the remainder of the purchase price was payable to the order of plaintiff and Hewson. Although the response from plaintiff and Hewson's attorney did not specifically acknowledge receipt of payment, it was dated two days after the letter from defendants' attorney and purported to enclose a warranty deed, implying full

payment was made. Plaintiff has not pointed to evidence she believes exists to bolster her claim of nonpayment or that there is any likelihood she could find such evidence if it existed. The person who could have offered the best testimony to clear up any confusion around the conveyances, Hewson, is deceased. Plaintiff has not identified any other testimony or documents that she could uncover in discovery to support her position. Even if plaintiff could find documents showing she was never paid for the parcel, again, the issue of nonpayment is not dispositive to who holds superior title to the land because the land contract was never forfeited or foreclosed upon. A party must identify specific facts or evidence she would anticipate discovering to support her claim. *St Clair Medical, PC v Borgiel*, 270 Mich App 260, 271; 715 NW2d 914 (2006). As such, plaintiff has not shown a disputed issue in which further discovery would provide support for her position or supported that issue with independent evidence, and summary disposition was properly granted.

Lastly, plaintiff contends that it was error for the trial court to hold that the doctrine of laches bars her claim because neither party had changed their position, as the land was still vacant. We again disagree.

"If a plaintiff has not exercised reasonable diligence in vindicating his or her rights, a court sitting in equity may withhold relief on the ground that the plaintiff is chargeable with laches." *Knight*, 300 Mich App at 114. "The doctrine of laches is triggered by the plaintiff's failure to do something that should have been done under the circumstances or failure to claim or enforce a right at the proper time." *Attorney General v PowerPick Player's Club of Mich, LLC*, 287 Mich App 13, 51; 783 NW2d 515 (2010). The passage of time, on its own, does not necessitate the application of the doctrine of laches. *Knight*, 300 Mich App at 114. Rather, laches applies when the plaintiff's delay in asserting a right causes prejudice to the defendant such that it would be inequitable for a court sitting in equity to enforce plaintiff's right. *Id*. at 115. The doctrine of laches applies when a party's delay in asserting his or her rights is unexplained or unexcused. *City of Fraser v Almeda University*, 314 Mich App 79, 102; 886 NW2d 730 (2016).

Plaintiff delayed nearly 40 years to enforce what rights she has to the disputed parcel, and defendants have been prejudiced by having to attempt to clear the cloud over their title after acting as true owners over that time. Taking as true plaintiff's assertion that she was never paid for the disputed parcel, she should have been on notice that she had to take some action to assert her right as an owner. Plaintiff took title to the land in 1971, which was subject to the land contract, and participated in the conveyance of title to the first parcel in 1979. Plaintiff contends she was not compensated when the second parcel was paid off in 1982, and took no part in executing the deed. Even if plaintiff was unaware of the conveyance of the second parcel, at some point over the ensuing decades she should have become aware that defendants were no longer making payments under the land contract. Further, plaintiff was surely aware her mother passed away, leaving her as the sole survivor to the joint tenancy. But it is undisputed that plaintiff did not take any actions that would be consistent with her ownership, such as paying property taxes or performing maintenance.

Contrary to plaintiff's assertion, defendants had changed their position regarding the land—they attempted to sell it. Plaintiff did not do anything to assert her rights to the parcel until filing this action, when she discovered defendants were attempting to sell the property. This prejudiced defendants, who had been taking all the actions of a true owner including paying the property taxes and performing upkeep. Defendants have had to defend their title through this

litigation, and, in the meantime, their sale fell through. Plaintiff's failure to assert her rights is unexplained, and she has offered no excuse. And defendants have been prejudiced. As such, the doctrine of laches should bar her claim.

Summary disposition was properly granted to defendants and it was not premature, as there is no fair likelihood that discovery would yield support for plaintiff's position. Additionally, the doctrine of laches bars plaintiff's claim.

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien